| | |
|---|---|
| JAMES NORMAN RICHARDSON,<br><br>       Plaintiff,<br>v.<br><br>PCS PHOSPHATE COMPANY, INC. (F/K/A ELF AQUITAINE, F/K/A TEXAS GULF) AND CRAWFORD COMPANY D/B/A BROADSPIRE SERVICES, INC.<br><br>       Defendants. | CASE NO. 3:16-CV-68 |

## CONFIDENTIALITY AGREEMENT AND CONSENT PROTECTIVE ORDER

The parties to this action, Plaintiff James Norman Richardson ("Plaintiff"), Defendant PCS Phosphate Company, Inc. ("PCS"), and Defendant Broadspire Services, Inc. ("Broadspire") (collectively, "Parties") hereby consent and request that the Court enter a Protective Order with respect to the documents and information to be provided by any of the parties in response to interrogatories, requests to produce documents, and/or in depositions. In particular, the Parties seek to protect as confidential information referencing or potentially referencing trade secrets, proprietary, financial, operational data, business plans, competitive analyses, personnel files, or other business information and personal information.

As used herein, the following terms shall have these specified meanings:

(1)    "<u>Plaintiff</u>" shall mean James Norman Richardson and/or his employees, officers, agents or representatives as well as persons acting or purporting to act on their behalf for any purpose relevant to this matter.

(2) "PCS" shall mean Defendant PCS Phosphate Company and/or its employees, officers, agents or representatives as well as persons acting or purporting to act on their behalf for any purpose relevant to this matter.

(3) "Broadspire" shall mean Broadspire Services, Inc. and/or its employees, officers, agents or representatives as well as persons acting or purporting to act on their behalf for any purpose relevant to this matter.

(4) "Confidential Information" shall mean information referencing or potentially referencing trade secrets, proprietary, financial, operational data, business plans, competitive analyses, personnel files, or other business information and personal information.

Pursuant to the Parties' request, and in accordance with the agreement of the Parties, **IT IS HEREBY ORDERED:**

1. Counsel for any party may designate Confidential Information as "**CONFIDENTIAL**" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client.

2. Unless otherwise ordered by the Court, or otherwise provided herein, Confidential Information will be held and used solely by the person receiving the information solely for use in connection with the above-captioned action.

3. Confidential Information designated as **CONFIDENTIAL** shall not be disclosed or disseminated to anyone, except:

    A. A Party, counsel for any Party, and the employees of such counsel to whom it is necessary that the information be disclosed for purposes of this litigation only; or

B. Any expert engaged by a Party for the purpose of assisting in the preparation of this litigation; or

C. A person who was involved in the preparation of the document or information;

D. Court reporters, including videographers, engaged for depositions, and those persons, if any, specifically engaged for the limited purpose of one or more aspects of copying, microfilming, reorganizing, filing, coding, converting, sorting, or retrieving data; and/or

E. The Court and Court personnel.

4. A Party or other person may, in the exercise of good faith, designate any material as Confidential Information pursuant to this Protective Order. Documents, responses to interrogatories, responses to requests for admission, exhibits and other material may be designated as containing Confidential Information by stamping the word "CONFIDENTIAL" on each page or medium containing the material or data sought to be protected, such that the material or data appearing on the page is not obscured. Upon request of counsel for any Party to this Litigation, the designating person shall promptly and precisely identify the Confidential Information on a page stamped "CONFIDENTIAL." Material produced or used in a non-hard copy format (i.e., a native format, such as an Excel spreadsheet file or Word document file) may be designated as containing Confidential Information by stamping the word "CONFIDENTIAL" on any compact disc containing such material and/or by otherwise conspicuously indicating, as appropriate for the type of electronic material at issue, that such material is

"CONFIDENTIAL" (e.g., by including the word "CONFIDENTIAL" in the name of the electronic file).

5. For purposes of disclosing documents for inspection, the disclosing person may refrain from designating specific documents as CONFIDENTIAL until after the inspecting person has selected specific documents and/or materials for copying. In this event, the disclosing person shall announce in writing prior to producing the documents or material for inspection that all such documents and material should be considered Confidential Information for the purposes of the inspection. After the inspecting person selects specified documents and material for copying, but before the production of such copies, the disclosing person shall designate any Confidential Information contained in such material.

6. All oral deposition testimony, regardless of whether the testimony was designated as CONFIDENTIAL on the record, shall be treated as CONFIDENTIAL and subject to this Protective Order for thirty (30) days after counsel for each of the Parties has received the transcript of the deposition.

7. Any person may, on the record at the deposition, designate portions of oral testimony, or the testimony in its entirety, as CONFIDENTIAL. In the event that any question is asked at a deposition with respect to which it is asserted, on the record, that the answer requires the disclosure of Confidential Information, the question shall nonetheless be answered by the witness fully and completely. Before the witness answers, however, all persons present who are not otherwise bound by this Protective Order shall be required to leave the room during the time in which Confidential Information is disclosed or discussed.

When any document or other material designated as CONFIDENTIAL is introduced as an exhibit, counsel introducing such exhibit shall advise the court reporter that the exhibit is CONFIDENTIAL pursuant to this Protective Order. All persons present at the deposition during the discussion of such exhibit shall either be a Party or a Signatory. No deposition exhibit marked as CONFIDENTIAL shall be provided to any person who is not a Party or Signatory or otherwise allowed to receive Confidential Information. The fact that a Party has not objected to designation of all or any portion of the deposition transcript as CONFIDENTIAL during the deposition itself does not waive such Party's right to seek release of that transcript from the terms and provisions of this Protective Order.

8.  Alternatively, counsel for the designating party may designate an entire transcript or designate specific pages and lines of the transcript or video recording of the deposition as CONFIDENTIAL by notifying counsel for the Parties and other attendees of the deposition in writing within thirty (30) calendar days of receipt of the transcript or video recording of such deposition. If within thirty (30) calendar days of receipt of the transcript or video recording of such deposition no person timely designates the transcript or recording, or any portion thereof, as CONFIDENTIAL, then the transcript and any recording shall not thereafter be subject to this Protective Order. Deposition exhibits that are marked as "CONFIDENTIAL" will continue to be protected without further designation, and the continued protection of such exhibits will not be dependent upon the transcript, or any portion thereof, being designated as CONFIDENTIAL.

9.  A separately-bound transcript of those portions of the deposition testimony and exhibits that are designated CONFIDENTIAL shall be made and the cover shall be

marked with the "CONFIDENTIAL" designation. If any portion of any transcript so marked is required to be filed with the Court, it shall be filed using the procedures set forth in this Order.

10. No Confidential Information shall be disclosed to any persons other than those persons authorized herein, who may use such information only for the purposes of this action. Nothing in this Protective Order, however, shall prevent disclosure beyond the terms of this Protective Order if the person designating the information consents in writing prior to such disclosure or if the Court orders such disclosure. Nothing in this Protective Order shall be construed as a restriction on the use or disclosure of information by the person who supplied the information or otherwise limit the ability of a person to publicly disclose its own Confidential Information.

11. Failure to designate or stamp information as "CONFIDENTIAL" at the time of its production shall not constitute a waiver of protection of such Confidential Information, provided that the disclosing person or its counsel promptly notifies all receiving persons upon realizing the failure. Any person who is notified that Confidential Information has been inadvertently produced shall treat the information as subject to this Protective Order unless and until the Court determines that such designation does not apply. Such receiving person shall make reasonable efforts to notify all other persons to whom it has provided the Confidential Information that such material shall be treated and handled in accordance with this Protective Order. However, the receiving person shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice. For documents and information produced prior to entry of this

Protective Order, if such documents or information would have been designated as "CONFIDENTIAL" under the terms of this Protective Order, then counsel for any Party may retroactively designate the previously produced documents and/or information by promptly notifying (to be interpreted to mean within ten (10) business days of entry of this Protective Order) all other persons to whom it has provided the Confidential Information that such material shall be treated and handled in accordance with this Protective Order. Any disclosure that has occurred prior to the designation of previously produced documents as CONFIDENTIAL shall not be construed as a violation of this Protective Order.

12. Counsel for any Party may at any time object to the designation of any material as CONFIDENTIAL and seek the release of such material from the terms and provisions of this Protective Order by making such request in writing to the person who designated such material CONFIDENTIAL. Upon making such a request, the Party requesting the release shall initiate a "meet and confer" among all Parties to this Protective Order, and the person who designated the material CONFIDENTIAL. If the Parties and the designating person are unable to agree as to whether the material at issue is properly designated CONFIDENTIAL, counsel for the designating Party may, within 21 days of the "meet and confer" session, file a motion defending such designation with the Court. If counsel for the designating person does not file such a motion within 21 days, the challenged information originally designated CONFIDENTIAL shall be released from the terms and provisions of this Protective Order. If counsel for the designating person does file such a motion within 21 days, pending a ruling from the Court, information originally

designated CONFIDENTIAL shall be subject to this Protective Order until the Court rules otherwise.

13. No Party or other person shall file any materials that contain Confidential Information with the Court unless filing those materials is relevant to an issue before the Court. If a party desires to file materials containing Confidential Information with the Court or to reference or quote Confidential Information in any filing, its counsel shall comply with the following provisions:

a. <u>For Dispositive and Other Substantive Filings</u>. Counsel will perform a document-specific, good faith examination of the Confidential Information to be filed under seal to ensure that it meets the legal and factual criteria for such treatment. If the Confidential Information meets the legal and factual criteria for filing under seal, counsel for the Party or person seeking to file, reference, or quote Confidential Information shall file a motion with this Court showing the particularized need for filing, referencing or quoting such material. No Confidential Information shall be filed under seal or be referenced or quoted in a filing made under seal, without the filing person having first obtained an order granting leave to file under seal. Upon appropriate order of the Court, Confidential Information may be filed under seal, or referenced or quoted in a filing made under seal, according to the local rules and other authority governing the filing of material under seal in this District. For any filing or portion thereof submitted under seal pursuant to this Protective Order, the filing person shall file a redacted version that does not reflect Confidential Information such that the redacted filing is publicly-available on the Court's CM/ECF docket. In the event that the person seeking to file, reference or quote

Confidential Information is not the person who designated the material as Confidential Information, the person seeking to file, reference, or quote such material shall give the designating person ten (10) days advance notice that it intends to do so. The designating person then may file a motion with the Court seeking an order that such material must be filed under seal as provided in this sub-paragraph. In that event, no Confidential Information shall be filed, referenced, or quoted in a publicly-available filing until the Court rules on such motion. In the event that the designating person files such motion and the Court does not rule on such motion by the time the Confidential Information is filed, the Confidential Information shall be filed provisionally under seal pending that ruling. If, upon the ten (10) days advance notice described above, the designating person has not filed such a motion within those ten days, then the material at issue may be deemed non-confidential and not protected by the terms of this Protective Order.

      b.    <u>For Discovery-Related Motions</u>. Any Confidential Information filed in connection with a discovery-related motion and any portion of any discovery-related motion that references or quotes Confidential Information must be filed under seal, and this Protective Order shall be cited as authority for such filing under seal. The filing of Confidential Information under seal shall be done according to the local rules and other authority governing the filing of material under seal in this District. For any filing or portion thereof submitted under seal pursuant to this Protective Order, the filing person shall file a redacted version that does not reflect Confidential Information such that the redacted filing is publicly-available on the Court's CM/ECF docket.

c. <u>Use at Trial</u>. Either Party may move this Court for an order that the evidence at trial be received in such a way as to prevent unnecessary disclosure consistent with applicable law. Absent such additional order of this Court, all parties are entitled to use Confidential Information as evidence during trial without restriction. The Parties shall have the right to request that any hearing or portions of any hearing involving the use or presentation of Confidential Information be conducted in camera.

14. Nothing in this Agreement shall preclude any Party from seeking from the Court an Order binding third parties to abide by this Agreement.

15. Within thirty days of the close of this litigation for any reason, each Party shall retrieve all copies of the Confidential Information from its own files, from experts, or from other persons to whom Confidential Information has provided consistent with this Confidentiality Agreement, and shall destroy the documents in a secure and confidential manner or return them.

16. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

17. The ultimate disposition of protected materials shall be subject to a final order of the Court upon completion of litigation.

CONSENTED AND AGREED TO:

Attorney for Plaintiff

/s/ Vernon Sumwalt (with permission)

Dated: 6/1/17


Attorney for Broadspire

/s/ Jon Berkelhammer (with permission)

Dated: 6/1/17


Attorney for PCS

/s/ S. McKinley Gray, III

Dated: 6/1/17


AND IT IS SO ORDERED

Signed: June 2, 2017

Graham C. Mullen
United States District Judge